```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 18-23704-CV-BLOOM
                                    (16-20554-CR-BLOOM)
                            MAGISTRATE JUDGE P.A. WHITE
```

RALPH PATRICK MARTIN,             :

    Movant,                    :

v.                                :       REPORT OF
                                          MAGISTRATE JUDGE
UNITED STATES OF AMERICA,         :

    Respondent.               :
_____

<u>Introduction</u>

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 16-20554-CR-BLOOM.

The instant motion was filed on August 28, 2018. The movant presents a two claims. He argues that the statutes under which he was charged are insufficient in that they are uncertain. He further contends that his prior conviction for resisting an officer with violence is not a violent felony within the statutory definition set forth in the Armed Career Criminal Act ("ACCA") and therefore his sentence must be corrected.

Upon review of the motion along with all pertinent portions of the underlying criminal file, it is apparent from the face of the record that the claim raised fails on the merits. A judge may dismiss a section 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the

1

Rules Governing Section 2255 Cases in the United States District Courts. See also 28 U.S.C. §2243.[1] Since it appears that summary dismissal is warranted and the petitioner is not entitled to post-conviction relief, no order to show cause has been issued in the instant case and the government has therefore not been required to file a response to the petition.

### Claims

The movant, in his pro se motion, raised two claims. He claims that in light of Sessions v. Dimaya, - U.S. -, 138 S.Ct. 1204 (2018) the statute under which he was charged and convicted, 18 U.S.C. § 922(g)(1), is too vague to support his conviction because it does not provide a definition of firearm, ammunition or court. He next that he no longer qualifies as an armed career criminal after the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015).[2]

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. §2243 (emphasis added). Rule 4 of the Rules Governing Section 2255 Cases provides:

> The judge who receives the motion must promptly examine it. *If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party....*

RULES GOVERNING SECTION 2255 CASES, RULE 4(b) (emphasis added). A district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision. Broadwater v. United States, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

[2] In Johnson, the Supreme Court held that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague, and that imposing an enhanced sentence pursuant to that clause thus violates the Constitution's guarantee of due process.

<u>Procedural History</u>

The movant was charged by superseding indictment with two counts of possession of a firearm by a convicted felon, in violation of Title 18, United States Code, §§ 922(g)(1) and 924(e)(1). (CR-DE# 27). On December 9, 2016, the movant entered a written plea agreement and factual proffer. (CR-DE# 38, 39). The plea was accepted at a change of plea hearing held the same day the plea agreement was signed. (CR-DE# 63).

A Presentence Investigation Report ("PSI") was prepared for sentencing. The movant's base offense level was 24 because he had sustained two prior felony convictions of a controlled substance offense. (PSI ¶13). Two levels were added to the offense level because the firearm had been stolen. (PSI ¶ 14). According to U.S.S.G. § 4B1.4(a) the offense level was set at 33 because the movant was subject to an enhanced sentence under 18 U.S.C. § 924(e) as an armed career criminal. (PSI ¶ 19). This designation was based on the movant's two previous convictions for serious drug offenses and a previous conviction for resisting arrest with violence. (PSI ¶ 19, 24, 25, 26). The movant's criminal history category was IV because he was an armed career criminal. (PSI ¶ 30). If not for the armed career criminal designation, the movant's criminal history category would have been III. (PSI ¶ 29).

Statutorily, pursuant to 18 U.S.C. § 924(e)(1), the movant was subject to a minimum sentence of 15 years and a maximum sentence of life. (PSI ¶ 75). The guideline range was from 135 to 168 months imprisonment, however, because the statutory minimum was greater than the guideline range, the guideline sentence was 180 months. (PSI ¶ 76).

On March 23, 2017, the movant was adjudicated guilty and sentenced to 180 months. (CR-DE# 50). The movant appealed. (CR-DE# 51). On appeal the movant argued that his prior convictions for possession with intent to distribute cocaine did not qualify as serious drug offenses and that his prior conviction for resisting arrest with violence did not qualify as a violent felony under section 924(e). The movant acknowledged that these claims were foreclosed by binding Eleventh Circuit precedent but sought to preserve them for further appeal. (CR-DE# 68). The movant's conviction and sentence were affirmed on December 14, 2017. (CR-DE# 68). The movant's petition for writ of certiorari was denied on April 23, 2018.

The instant petition was timely filed on August 20, 2018.

## Discussion

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments, pursuant to section 2255, are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier,

4

477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent...."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations ... or supported by different legal arguments ... or couched in different language ... or vary in immaterial respects").

It is worth mentioning at the outset that the arguments raised herein, to the extent they were not addressed on appeal, but could have been, are procedurally defaulted from review. It is well settled that a claim is procedurally barred if a movant fails to raise it on appeal. In that regard, there are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from failure to appeal. Belford v. United States, 975

F.2d 310 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). In order to overcome the bar, the movant must show cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72 (1977), or a fundamental miscarriage of justice, Engle v. Isaac, 456 U.S. 107 (1982). No such showing has been made here.

A claim of ineffective assistance of appellate counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). **Nowhere** does the movant even remotely appear to fault counsel for failing to further challenge the issue on appeal as suggested herein. Consequently, movant has not shown cause or prejudice arising from the default of the claim.

To the extent the movant is re-asserting arguments previously presented on direct appeal in this §2255 proceeding, such arguments add nothing of substance which would justify a different result. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994); Graziano v. United States, 83 F.3d 587 (2nd Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a

constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

Sufficiency of the Indictment

In his first claim the movant challenges his conviction for violation of 18 U.S.C. § 922(g)(1). He argues that the statute is too vague to advise him of the conduct proscribed. He also contends that the indictment was deficient because it did not inform him of when he was previously convicted of a felony punishable by imprisonment exceeding one year. Finally, he claims that indictment did not charge a federal crime because it made no mention of 18 U.S.C. § 2.

These claims could arguable be construed as challenging the jurisdiction of the court, however none of the arguments attacking the sufficiency of the indictment has merit. The statute proscribing possession of a firearm by a convicted felon is not vague. The statute specifically provides that "[i]t shall be unlawful for any person --(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .to ship or transport in interstate or foreign commerce, or **possess** in or affecting commerce, any firearm or ammunition; or to **receive** any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(g)(1). "The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; © any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3). "The term

"ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm." 18 U.S.C. § 921(a)(17)(A). The statute could not be less vague concerning the proscribed conduct.

The movant was on notice that, as a person convicted of a crime subject to a sentence exceeding one year he could not possess a firearm. The movant admitted that he had been previously convicted of a crime for which a sentence exceeding one year could be imposed and also admitted to possessing a firearm as defined under the statute. Since the statute is not vague and all terms are properly defined, this claim is without merit.

The movant's claim that he was not charged with an offense against the United States is also without merit. His sole basis for this claim is that he was not charged under 18 U.S.C. § 2. He contends that because he was not charged under this statute the court lacked jurisdiction. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an "offense against the laws of the United States" and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014). Here the indictment clearly charged the movant with a violation of 18 U.S.C. § 922(g), as such the court had subject matter jurisdiction over the indictment.

The Armed Career Criminal Act

The movant challenges his armed career criminal sentencing enhancement. He argues that his prior conviction for resisting arrest with violence does not qualify as a violent felony under the ACCA. This claim was raised and rejected on direct appeal with the court relying on United States v. Hill, 799 F.3d 1318 (11th Cir.

8

2015). In Hill the court found that "a prior conviction for resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the ACCA." Id. at 1322. Since this claim has already been adjudicated the movant is procedurally barred from raising it in this post conviction proceeding. This claim should be denied.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter "Habeas Rules"). Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Id. Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where a §2255 movant's constitutional claims have been adjudicated and denied on the merits by the district court, the movant must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a §2255 movant's constitutional claims are dismissed on procedural grounds, a

9

certificate of appealability will not issue unless the movant can demonstrate both "(1) 'that jurists of reason would find it debatable whether the [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484).  "Each component of the §2253© showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  Slack, 529 U.S. at 484–85.

After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's rulings. Accordingly, a certificate of appealability is not warranted. See Slack, 529 U.S. at 484–85 (each component of the §2253© showing is part of a threshold inquiry); see also Rose, 252 F.3d at 684.

## Conclusion

Based upon the foregoing, it is recommended that the motion to vacate be DENIED, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

SIGNED this 22nd day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Ralph Patrick Martin
13869-104
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033
Coleman, FL 33521
PRO SE

J. Mackenzie Duane
United States Attorney's Office
99 N.E. 4th Street
Miami, FL 33132

Email: mackenzie.duane@usdoj.gov